UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24232-CIV-SCOLA/BANDSTRA

PLASMA ARC TECHNOLOGIES, INC.,

      Plaintiff,

v.

HFP CAPITAL MARKETS, LLC, and
GEOFFREY BYRUCH,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT, <u>AND MEMORANDUM OF LAW IN SUPPORT</u>

Defendants HFP Capital Markets, Inc. ("*HFP*") and Geoffrey Byruch ("*Mr. Byruch*," and together with HFP, the "*Defendants*"), by and through undersigned counsel, file this motion to dismiss the complaint (the "*Complaint*"), or in the alternative for more definite statement, and memorandum of law in support (the "*Motion to Dismiss*"), pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(6), 12(e) and Local Rule 7.1.  In support, the Defendants state as follows:

### <u>PRELIMINARY STATEMENT</u>

The Complaint should be dismissed under the Supreme Court's decisions in *Twombly* and *Iqbal* because it alleges nothing more than bare allegations of various unidentified breaches of contract by Defendants.  The Complaint is replete with language such as "information or belief", "and/or", "Directly or indirectly," or otherwise conclusory allegations of purported breaches of contract that merely provide a formulaic recitation of the elements of a cause of action.  This is insufficient to plead a claim under Rule 8(a)(2) and withstand a motion to dismiss.  The

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

Complaint provides virtually no notice of the conduct alleged to have involved a breach of contract and thus should be dismissed in its entirety on that ground.  Furthermore, the Complaint fails to allege a "plausible" claim for relief, by failing to provide factual content or any factual basis for concluding that Defendants' alleged conduct breached any Agreement.

In addition, the Complaint fails to allege a basis for invoking personal jurisdiction over Mr. Byruch.  It does not allege that he engaged in any conduct purposefully availing himself of Florida laws or otherwise having minimum contacts.  Indeed, it does not allege any conduct by Mr. Byruch in Florida.  Furthermore, he is protected by the 'corporate shield' doctrine.

## FACTUAL ALLEGATIONS[1]

1.      The Defendants and the Plaintiff contemplated a business relationship.[2]

2.      The Plaintiff and Defendant HFP entered into a Confidential Non-Disclosure Non-Circumvent Agreement on or about January 26, 2010 (the "***First Agreement***").[3]

3.      Plaintiff alleges that upon entering into the First Agreement, the Plaintiff provided Defendant HFP with "highly confidential information pertaining to the identity of the associates, co-venturers, contracted physicists, key vendors, and other highly specialized members of the project team."[4]

4.      Thereafter, on or about April 2, 2010, the Plaintiff and Defendant HFP allegedly entered into a second Confidential Non-Disclosure Non-Circumvent Agreement (the "***Second***

---

[1] This section merely recites the allegations in the Complaint.  As set forth below, Plaintiff's bare and conclusory allegations are not entitled to be assumed to be true on a motion to dismiss under the Supreme Court's decisions in *Twombly* and *Iqbal*. Defendants vigorously dispute the veracity of the Complaint's allegations, including whether any Agreement as to non-disclosure was actually executed by the parties to this action.
[2] Complaint, ¶22.
[3] Complaint, ¶¶26-27.
[4] Complaint, ¶ 28).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

*Agreement*").[5]  This was so the Plaintiff would provide Defendant HFP with "further material as to information about the transaction, the technology, the newly contracted scientists, engineers, physicists, technicians, vendors, sub-vendors, fabricators or equipment manufacturers associated with the project."[6]

5.      Each of the First Agreement and the Second Agreement (together, the "***Agreements***"), purports to limit the dissemination of and access to confidential information, and further prevent solicitation of certain parties, as well as restricted use of the information for the purpose of competing with the Plaintiff.[7]

6.      The Plaintiff alleges that the Defendants breached the Agreements.[8]  However, the Plaintiff provides almost no material detail of the alleged breach.

7.      For example, in the Complaint, paragraph 50, the Plaintiff begins by stating:

> That ***at various times between January 2010, and October 2011***, Defendants ***and/or*** its Managing members, employees, agents, and representatives breached the [Agreements] by …

(emphasis added)

and then includes a vague list of alleged wrongdoings in this paragraph's subsections.

8.      But the Complaint does not identify the details of any breach.  Rather, it asserts breaches such as "Interfering in numerous ways" with the Plaintiff (¶50b) "Directly, or indirectly contacting…protected personnel or parties," (¶50e) "Directly, or indirectly entering into agreements, arrangements or understandings", (¶50f) "Using the Information for material

---

[5] *Id.* at ¶ 31.
[6] *Id.* at ¶ 30.
[7] *Id.* at ¶¶ 33-35 and 41-43.
[8] *Id.* at ¶¶ 50 and 69.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

purposes and personal gain", (¶50j) and "Participating in other activities in violation of the terms and covenants of the Agreement," (¶50k).

9.      The Complaint continues with paragraphs 52-64, each stating that the Defendants breached the Agreements in assorted vague ways, each preceded by the language:

> *That upon reliable information and belief …*

10.     Only paragraph 51 of the Complaint differs, reading as follows:

> That Defendants travelled from their New York City broker dealer office to North Carolina to surreptitiously meet with specifically listed, protect parties [sic] and discuss severing their business relationship with Plaintiff and pursuing a better and more profitable business opportunities with Defendants, HFP and Byruch.

11.     But even this allegation does not identify whether this alleged "meet[ing]" occurred, and if so, when it occurred, or who were the protected third parties involved, or provide any factual content to support the assertion that Defendants acted with the bald allegation of improper purpose.

12.     This is a particularly important point, because the alleged Agreements by their own terms authorized Defendants' conduct by authorizing them to conduct due diligence on PAT's processing capabilities.  The Agreements provide for Defendants to "evaluate a possible use of services and/or the development of a business relationship for the purpose of having PAT provide 'processing services.'"[9]  By visiting a PAT facility in North Carolina, to the extent it occurred, Defendants were conducting due diligence on PAT's ability to 'process' there, as authorized by the Agreements.  This specifically permitted purpose of Defendants' conduct is a more likely explanation for Defendants' conduct that discredits the plausibility of Plaintiff's allegations.

---

[9] First Agreement at 1; Second Agreement at 2 (providing for "the good-faith evaluation of possible business opportunity or relationship").

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

<u>**MEMORANDUM OF LAW**</u>

**I.      <u>Introduction</u>**

In the Complaint, the Plaintiff alleges that the Defendants breached the Agreements. However, the Complaint provides only vague and unclear allegations as to who breached what in the Agreements, referring only to (i) the persons who acted being "<u>and/or</u>" a list of undefined persons; and (ii) actions alleged to have occurred, "<u>upon reliable information and belief.</u>" Neither category is sufficient to satisfy Rule 8, or the requirement that the Plaintiff plead a basis for personal jurisdiction over defendant Mr. Byruch, and respectfully, the Complaint should be dismissed in its entirety, or in the alternative, a more definite statement should be required.

In Count Two of the Complaint, the Plaintiff seeks injunctive relief.  Only conclusory allegations are included, and there are no facts which give rise to a showing of 'irreparable harm.'  Therefore, Count Two should be dismissed for this additional reason as well.

**II.      <u>The Plaintiff Fails to Plead Personal Jurisdiction over Defendant Mr. Byruch</u>**

To determine whether personal jurisdiction exists over an out-of-state defendant, a court is to conduct a two (2) pronged analysis: (i) whether there is jurisdiction under the state's long-arm statute; and (ii) whether the defendant has established sufficient 'minimum contacts' with the State, such that the exercise of jurisdiction will satisfy the 14th Amendment's due process requirement and comport with "traditional notions of fair play and substantial justice."[10]  When performing this analysis, ***the burden rests on the plaintiff, who must plead facts that establish the basis for jurisdiction***.[11]  "Plaintiff's burden in alleging personal jurisdiction is to plead

---

[10] *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).
[11] *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (emphasis added).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

sufficient material facts to establish the basis for exercise of such jurisdiction."[12]   Only if the plaintiff satisfies this burden does it shift to the defendant to challenge plaintiff's facts through affidavits or other evidence.[13]   Florida's long-arm statute must be "***strictly construed***." [14]

The Plaintiff has failed to satisfy its threshold burden of pleading material facts to establish the basis for personal jurisdiction over defendant Mr. Byruch.  The Plaintiff alleges that (i) Mr. Byruch works in New Jersey; and (ii) lives in New York;[15] and has included a single, conclusory allegation that this Court has personal jurisdiction over Mr. Byruch, per §48.193. The Plaintiffs sole support for this claim is (i) per ¶50, prefaced by "and/or"; and (ii) per ¶¶52-64, prefaced by the language "upon reliable information and belief."[16]

As to the *former*, as discussed below, the Complaint's ¶50 vague and unclear allegations are insufficient to satisfy the Plaintiff's burden.  To plead a basis for 'personal jurisdiction,' the complaint itself must allege a jurisdictional basis as to the actual persons/entities in question.[17] Here, it is not even clear whether Mr. Byruch is covered by this allegation.  Accordingly, the Plaintiff fails to satisfy this standard in ¶50 of the Complaint, as to defendant Mr. Byruch.

As to the *latter*, personal jurisdiction cannot be pled upon "information and belief":

"[F]ederal courts are courts of limited jurisdiction; the result of which is that The party asserting jurisdiction must prove to the Court that it has jurisdiction. ***Accordingly, jurisdiction may not be plead on information and belief***."[18]

---

[12] *Andy's Music, Inc. v. Andy's Music, Inc.*, 607 F.Supp.2d 1281, 1285 (S.D. Ala. 2009).
[13] *Id.*
[14] *Schulpchair*, 94 F.3d at 627 (emphasis added).
[15] Complaint, ¶¶6, 7, 11, 12.
[16] To the extent that the Plaintiff claims that the allegations in ¶51 are to gain personal jurisdiction over defendant Mr. Byruch, the
[17] *Gurvey v. Cowan, Liebowitz & Latman, PC*, 2009 WL 691056, *3 (S.D.N.Y. Mar. 17, 2009).
[18] *Lieberman & Associates v. GVSW Surprise Plaza LLC*, 2009 WL 1476996 (D. Ariz. May 26, 2009) (emphasis added); *Zoological Soc. of Buffalo, Inc. v. CarvedRock, LLC*, 2011 WL 6329929 (W.D.N.Y. Oct. 12, 2011); *Wells Fargo Bank, N.A. v. Langa Air, Inc.*, 2010 WL

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

Here, as each of the Plaintiff's allegations in the Complaint, ¶¶52-65 is 'upon reliable information and belief,' the Plaintiff has not satisfied his burden as it has not made any meaningful allegation that personal jurisdiction over defendant Mr. Byruch exists.

Moreover, the Plaintiff's pleading of personal jurisdiction over defendant HFP through the existence and entry into the Agreements is insufficient to cover defendant Mr. Byruch.[19]  Mr. Byruch is a non-resident corporate representative who is being sued for acts performed on behalf of the entity, defendant HFP.  Accordingly, the "corporate shield" doctrine requires dismissal.

Moreover, there is not a single, proper factual allegation in the Complaint that Mr. Byruch, individually, (i) committed an act in Florida; or (ii) purposefully availed himself of Florida laws.  Respectfully, the requirement of 'minimum contacts,' and 'due process' simply cannot be satisfied in such a situation.

### III.   All Counts of the Complaint Should be Dismissed

#### A.   The Applicable Pleading Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[20] "  The Supreme Court has made clear that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[21]   Importantly, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."[22]   Further, a complaint

---

4272586, fn. 2 (S.D. Ill. Oct. 25, 2010); *see also Victory Intern. (USA) Inc. v. Perry Ellis Intern., Inc.*, 2008 WL 65177, *6 (D.N.J. Jan. 2, 2008).

[19] *Rensin v. State, Office of Atty. Gen.*, 18 So. 3d 572, 576 (Fla. DCA 2009); *Frohnhoefer v. Pontin*, 958 So. 2d 420, 422 (Fla. 3d DCA 2007).

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[22] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007))

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

should be dismissed where it merely makes "naked assertion[s]" devoid of "further factual enhancement."[23]

Iqbal and Twombly lay down the dual principals that (i) a court need not accept as true on a motion to dismiss "bald" allegations or "legal conclusions"; and (ii) "only a complaint that states a plausible claims for relief," based on actual allegations of fact, "survives a motion to dismiss."[24] Notably "[a] claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]  Further, factual allegations must be sufficient to raise the right to relief beyond mere speculation.[26]  While reasonable inferences should be made in the plaintiff's favor, a court is not required to draw plaintiff's inference.[27]

The plausibility standard necessitates a greater showing than the mere possibility that the defendant acted unlawfully.[28]  "*Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.*"[29]  Moreover, this rule requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action.[30]  A complaint will also be found to be deficient if "it tenders naked assertions devoid of further factual enhancement."[31]  As articulated below, the allegations in the Plaintiff's Complaint fail to satisfy this standard, and therefore the Complaint should be dismissed.

---

[23] *Id.*
[24] *Id.* at 1949-50.
[25] *Id.*
[26] *Twombly*, 550 U.S. at 555.
[27] *Iqbal*, 129 S. Ct. at 1949.
[28] *Id.* at 1949-50.
[29] *Id.* at 1949 (brackets omitted, emphasis added).
[30] *Twombly*, 550 U.S. at 555.
[31] *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

### B.   The Complaint Should be Dismissed Based on its Failure to Comply with Fed. R. Civ. P. 8(a)(2)

Respectfully, Count One, which alleges that the Defendants breached each of the Agreements, should be dismissed because it fails to allege sufficient factual allegations to meet the plausibility standard under Rule 8(a)(2).  Indeed, the Complaint's allegations are insufficient to put the Defendants on notice of the claims against them.

Under Florida law, to successfully assert a breach of contract action, a plaintiff must allege factual content showing : (i) the existence of a valid contact; (ii) a material breach of that contract; and (iii) that the plaintiff suffered damages as a result of the defendant's breach.[32]  In the instant case, the Plaintiff has failed to sufficiently allege the second element, a material breach of the Agreements.

### a.   *Complaint, Paragraph 50*

The Complaint's list of instances of the Defendant's 'breach' of the Agreements contained in the subsections to paragraph 50 is preceded by the language that such alleged 'breach' occurred (i) at some point during the twenty-two (22) month period of January 2010 through October 2011; and (ii) by the following persons, "Defendants **and/or** its Managing members, employees, agents, and representatives . . ." This predicate language prevents compliance with the applicable pleading standard.

As to the timing, alleging that an unspecified breach of the Agreements occurred during "various times between January 2010, through October 2011," causes confusion rather than clarity.  Indeed, the Agreements are dated in January 2010 and April 2010, so in effect, the

---

[32]   *Textron Fin. Corp. v. Lentine Marine Inc.*, 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009); *Assucrazioni Generali SPA v. Agility Logistics Corp.*, 2009 WL 4421262, at *4 (S.D. Fla. Nov. 25, 2009).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

Plaintiff is not narrowing the time period whatsoever; all that is being alleged is that the breach occurred at some point from the execution of the Agreements through October 2011 (just prior to the filing of the Complaint).

Even more telling, the Second Agreement was alleged to have been executed in April 2010.[33]  Query how the Plaintiff could plausibly allege that the Defendants breached the Second Agreement from January 2010 through the date of its execution in April 2010, when the Second Agreement was not even alleged to have been executed and put in place at that time.  This is internally contradictory, and serves as a basis for dismissal.

As to the second point, each of the listed breaches are alleged to have occurred by "Defendants **_and/or_** its Managing members, employees, agents, and representatives …"; this, too is insufficient to satisfy the pleading standard and is a perfect example of pleading facts "consistent" with a defendant's liability, which "stops short of the line between possibility and plausibility of entitlement to relief."[34]  It is unclear who is being alleged to have done what.  As just as an example, a plausible reading of this sentence would be that an employee of defendant HFP, that is not defendant Mr. Byruch and is neither an agent nor a representative of HFP, committed the vaguely described instances of breach.  This would be insufficient to state a claim against either of the Defendants (or personal jurisdiction over defendant Mr. Byruch, as argued above).

A number of courts have determined that the use of "and/or" in the section of a pleading alleging wrongdoing can be insufficient to satisfy the requisite standards, and at least one court

---

[33]  Complaint ¶ 15.
[34]  *Iqbal*, 129 S. Ct. at 1949.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

has referred to its use as "strongly disfavored."[35]   In *Peterson*, a plaintiff's complaint alleged

sexual harassment, alleging that the plaintiff

> [W]itnessed, experienced ***and/or*** became aware of various forms and instances of
> hostile, disparaging and/or offensive treatment regarding or directed toward woman
> at USBEF by its male managers and officials, and made complaints and/or objections
> regarding such behavior.[36]

The *Peterson* court found such allegations to be insufficient to state a claim, as they were "too

vague and conclusory."  The district court reasoned that the plaintiff did not specify the nature of

the wrongdoing, and did not even allege which actor and in what manner the wrongdoing

occurred.[37]  Accordingly, the district court dismissed the claim.

So too here.  Nothing in paragraph 50 identifies who did what, or when, giving rise to the

alleged breach of the Agreements.  Listing various categories of persons that "and/or" could have

breached the terms of the Agreements is insufficient as a matter of law, even on a notice pleading

standard.  A defendant is entitled to know what is being alleged,[38] and the Plaintiff has failed to

do so here.

Indeed, the vagueness of these allegations is strikingly similar to the *Twombly* case itself.

There, the plaintiff alleged an antitrust violation based on bare allegations of "an unlawful

---

[35] *J&J Sports Productions, Inc. v. Torres*, 2009 WL 1774268, at *3 (M.D. Fla. June 22, 2009)
(*citing  U.S. v. Bush*, 70 F.3d 557, 562 (10th Cir.1995) for the proposition that the use of "and/or"
is "strongly disfavored" because it creates unnecessary ambiguity); *see also Peterson v. U.S.
Bancorp Equip. Fin., Inc.*, 2010 WL 2794359, at *3 (N.D. Cal. July 15, 2010); *Gregory v.
Dillard's, Inc.,* 565 F.3d 464, fn. 9 (8th Cir. 2009) *citing Ollilo v. Clatskanie Peoples' Util. Dist.,*
132 P.2d 416, 419 (1942) with the following in a parenthetical: "observing that the use of
'and/or' 'generally tends toward confusion' and describing 'and/or' as 'a sort of verbal
monstrosity which courts have quite generally condemned'".

[36] *Peterson*, 2010 WL 2794359, at *3 (emphasis added).

[37] *Id.*

[38]   *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 707 (E.D. Va. 2009) ("[T]he central
purpose of the complaint is to provide the defendant fair notice of what the plaintiff's claim is
and the grounds upon which it rests . . . [T]he plaintiff's legal allegations must be supports by
some factual basis sufficient to allow the defendant to prepare a fair response.").

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

agreement," involving "parallel conduct."[39]   The *Twombly* court rejected those allegations as insufficient because the allegation of an "unlawful agreement" was a "legal conclusion," and the allegation of "parallel conduct" did not plausibly indicate an antitrust conspiracy because such conduct was "not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior."[40]

Similarly, the Complaint's vague allegations that Defendants took unidentified "activities in violation of the terms and covenants of the Agreement"[41] have the same insufficient factual content as the allegations rejected in *Iqbal*.  In *Iqbal*, the plaintiff alleged that the Defendants "knew of, condoned, and willfully and maliciously agreed to subject [plaintiff] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest."[42]   The Supreme Court rejected such "bald" and "bare assertions," as "nothing more than a 'formulaic recitation of the elements'" of a claim, and thus "conclusory and not entitled to be assumed true."[43]

*b.*     *Complaint, Paragraphs 52-65*

In the Complaint, paragraphs 52-65, the Plaintiff alleges that the Defendants breached the Agreements in various ways, certain of which are vague and unclear, but each of which is prefaced with the phrase "upon reliable information and belief . . . "  This is insufficient under the instant circumstances, and these allegations do not satisfy Rule 8(a)(2).

Although pleading facts in a complaint "upon information and belief" does not *per se* make a complaint deficient, courts have found that allegations made on "information and belief"

---

[39] 550 U.S. at 555.
[40] *Id.* at 565-67.
[41] Complaint, ¶¶ 50k, 50a-j
[42] 129 S. Ct. 1951.
[43] *Id.*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

may be insufficient to satisfy the requisite pleading standard.[44]   These types of allegations are permitted where (i) the alleged facts are peculiarly within the defendant's control and possession, or (ii) where the plaintiff's belief is based on factual information that makes the inference of culpability plausible.[45]   The instant case does not satisfy this standard.

*First*, nothing alleged in the Complaint, paragraphs 52-64, are facts in the Defendants' peculiar possession or control.   The Plaintiff alleges numerous actions in these sections by the Defendants, which took place between the Defendants and "specifically listed," "protected," or otherwise third parties.   This information is thus by definition not within the Defendants' peculiar possession or control, as the third parties (most of which are alleged to have relationships with the Plaintiff) would be aware of it.   Thus, the pleading of "upon reliable information and belief" is insufficient to satisfy the applicable standard.

*Second*, since the Plaintiff's allegations of breach of the Agreements are either (i) upon information and belief; (ii) fall in the vague and unclear category set forth in the Complaint, ¶50; or (iii) are included in ¶ 51 (see discussion below), there is no factual information included that makes the inference of culpability plausible.   A plaintiff must be required to provide a defendant with notice of what is being alleged, raising the right to relief beyond mere speculation.   The instant Complaint, listing allegations "upon reliable information and belief," simply does not satisfy this standard.

---

[44] *See, e.g., Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009); *Wright v. Lehigh Valley Hosp. & Health Network*, 2011 WL 2550361, at *3 (E.D. Pa. June 23, 2011); *Skillstorm, Inc. v. Elec. Data Sys.*, LLC, 666 F. Supp. 2d 610, 619 (E.D. Va. 2009).
[45] *Hall v. Kodak Occupational Accidental Death Ins. Plan*, 2011 WL 2297650, *5 (W.D.N.Y. June 8, 2011); *Essex Ins. Co. v. Miles*, 2010 WL 5069871, *3 (E.D. Pa. Dec. 3, 2010); *Stimson Lumber Co. v. Int'l Paper Co.*, 2010 WL 5128650, *4 (D. Mont. 2010).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

c.     *Complaint, Paragraph 51*

As to the requisite element of "breach" of the Agreements, the sole allegation that does not fall into either of the two (2) categories above is paragraph 51 (quoted above). This paragraph does not allege sufficient facts to satisfy the applicable pleading standard, alone or in conjunction with the other allegations in the Complaint.

*First*, a close reading of this paragraph reflects that the Plaintiff is alleging only that the Defendants "travelled from their New York City broker dealer office to North Carolina" in order to have a meeting and discussion. No actual meetings or communications are alleged to have occurred - - only that the Defendants travelled from one State to another - - and therefore nothing included herein could constitute a breach of the Agreements.

*Second*, the Defendants are alleged to have travelled in order to meet with "specifically listed, protect [sic] parties . . . " As the identification of which 'parties' is not included (as in the other allegations in the Complaint), this does not meet the pleading standard. The Defendants are entitled to be on notice of the claims brought against them, and this paragraph fails to contribute to meet that standard.

Indeed, Plaintiff's allegation in ¶51 that Defendants traveled from New York City to North Carolina for the improper purpose "to surreptitiously meet with specifically listed, protected parties and discuss severing their business relationship with Plaintiff" is insufficient under *Iqbal*. Plaintiff provides no factual content to support its naked allegation that Defendants had an improper purpose in this meeting (to the extent it even occurred, which by its language is unclear). Plaintiff does not identify (i) what facts support its claim of improper purpose; (ii) when this alleged "meet[ing] occurred; or (iii) the allegedly protected third parties involved in

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

these conversation.  Such bare allegations "do not plausibly establish [an improper] purpose," on a motion to dismiss particularly where there are "more likely explanations."

Furthermore, the Agreements by their own terms specifically authorized Defendants to conduct due diligence on PAT's processing capabilities.  They provide for Defendants to "evaluate a possible use of services and/or the development of a business relationship for the purpose of having PAT provide 'processing services.'"[46]  That is precisely what Defendants did in visiting a facility in North Carolina, which PAT identified in its Agreements as part of its processing operations.[47]  This more likely explanation for Defendants' conduct, which has a specific basis in the Agreements, demonstrates a lack of plausibility under *Iqbal*.

This is particularly the case where, as here, the Plaintiff alleges "general wrongdoing that extended over a period of years."[48]  That is precisely with Plaintiff does here, in alleging general wrongdoing occurring "at various times between January 2010 and October 2011."[49]  Accordingly, the Complaint fails to allege a plausible claim for relief

### d.  *Conclusion*

Rule 8(a)(2) mandates that the Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[50]  Analyzed under this standard, as interpreted by the United States Supreme Court and its progeny, the Plaintiff's allegations do not rise to the level of "plausibility" sufficient to establish that the Plaintiff is entitled to the relief requested.  Each Defendant is entitled to a clear statement of the alleged wrongdoing, without (i)

---

[46]First Agreement at 1; Second Agreement at 2 (providing for "the good-faith evaluation o possible business opportunity or relationship").
[47] Second Agreement ¶11; First Agreement ¶11.
[48] *Iqbal,* at 1952 citing *Twombly*, 550 U.S. at 551.
[49] Complaint, ¶ 50.
[50]  Fed. R. Civ. P. 8(a)(2).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

vague and unclear assertions as to who did what, highlighted by the "and/or" language; or (ii) allegations of breach made "upon reliable information and belief," where the facts are not particularly in the Defendants' possession.  Simply, even under the liberal pleading standards, this Complaint is insufficient and respectfully, should be dismissed.

### IV.  In the Alternative, the Plaintiffs Should be Directed to File an Amended Complaint Containing a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  For the reasons set forth in above, if the Court does not find it appropriate to dismiss the Complaint under Rule 8, the Plaintiff should be required to file a more definite statement in an amended complaint.[51]  As just one example of many, focusing on paragraph 50 of the Complaint, respectfully, the Defendants simply cannot reasonably be expected to prepare a response to this 'allegation.'

### V.  Count Two Should be Dismissed

Count Two of the Complaint is for injunctive relief.  This count should be dismissed for the additional reason that it fails to state a claim upon which relief can be granted.  As a preliminary matter, an injunction is an extraordinary remedy,[52] and to obtain one, the plaintiff must demonstrate (i) irreparable harm; (ii) success on the merits; (iii) a balancing of the competing claims of injury to the parties; and (iv) consideration of the public interest.[53]

---

[51] *Hetrick v. Ideal Image Dev't Corp.*, 2007 WL 2729679, at *1-2 (M.D. Fla. Sept. 18, 2007); *Int'l Brokerage & Surplus Lines, Inc. v. Liberty Mut. Ins.*, 2007 WL 220172, at *5-6 (M.D. Fla. Jan. 26, 2007).
[52] *In re Minnelusa Co.*, 169 B.R. 225, 226 (Bankr. M.D. Fla. 1994).
[53] *Florida Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 374 F. Supp. 2d 1116, 1127 (S.D. Fla. 2005).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

*First*, Count Two should be dismissed because it simply lists the elements of a claim for injunctive relief without providing any factual support for such relief.   The United States Supreme Court in *Iqbal* was explicitly clear that "a formulaic recitation of the elements of a cause of action will not do."[54]   The Plaintiff provides no factual basis as to the harm it suffered or would suffer in the future, nor does the Plaintiff elaborate on how the public will be best served by the enforcement of the Agreements.   Accordingly, Count Two is facially deficient and, respectfully, should be dismissed.

*Second*, "[i]f damages are calculable in money, then the injury is not irreparable."[55]   In conclusory fashion, as per the Complaint, the Plaintiff "has suffered and will continue to suffer irreparable harm as a direct and proximate result of Defendants' aforementioned breach of the Agreement."[56]   While no material facts are provided to support this conclusory allegation, *first*, as to the damages already allegedly suffered, certainly no injunctive relief is required.   And *second*, as to damages allegedly to be suffered in the future, a plaintiff may seek injunctive relief if it alleged a real and immediate, as opposed to a hypothetical, threat of future injury.[57]   In *Byung Ho Cheoun v. Infinite Energy, Inc.*, the Eleventh Circuit affirmed dismissal of the plaintiff's claim (under the Georgia Deceptive Trade Practices Act) seeking injunctive relief, reasoning as follows:

> In its response to the motion to dismiss, the dry cleaners argued that they were "entitled to an injunction ... to the extent Infinite continue[d] to engage in ...

---

[54] *Iqbal*, 129 S. Ct. at 1949.

[55] *Mark Dunning Industries, Inc. v. Perry*, 890 F.Supp. 1504, 1516 (M.D. Ala. 1995); *see also Claughton v. Donner*, 771 F. Supp. 1200, 1204 (S.D. Fla. 1991) ("Plaintiff's injury is not irreparable; an injury is irreparable only if it cannot be undone through monetary remedies."); *Martinez v. Sch. Bd. of Hillsborough County, Fla.*, 675 F. Supp. 1574, 1582 (M.D. Fla. 1987).

[56] (Compl. ¶ 74).

[57] *Steven Brother v. Tiger Partner*, LLC, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004); *see also Rudd v. Geneva County Comm'n*, 2007 WL 2670046, at *3 (M.D. Ala. Sept. 10, 2007).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

disseminati[ng] ... deceptive misrepresentations," *but the dry cleaners are not entitled to injunctive relief based on a hypothetical future harm*. *See Wiggin v. Horne*, 270 Ga. 571, 572, 512 S.E. 2d 247, 248 (1999) ("Allegations of mere speculative or contingent injuries, with nothing to show that in fact they will happen, are insufficient to support a prayer for injunctive relief.").[58]

So too here.  The Plaintiff has alleged no more than hypothetical and speculative future harm, with no facts demonstrating that this future harm is more than conjecture.  Indeed, the totality of the Complaint demonstrates that the alleged harm has been suffered already.  Respectfully, this is insufficient to demonstrate the 'irreparable harm' requirement for an injunction, and Count Two should be dismissed.

Worth noting is that the Complaint explicitly cites and relies upon the 'liquidated damages' clauses in the Agreements.[59]  While the Defendants vigorously contest these clauses (among other of the Plaintiff's allegations and claims) and believe them to be wholly unenforceable,[60] it is clear that the Plaintiff disagrees, as it is trying to enforce them through the Complaint.  This demonstrates the Plaintiff's view that money damages would be sufficient to compensate the Plaintiff, assuming all pled in the Complaint is true.[61]  This weighs in favor of dismissal of Count Two of the Complaint as there would be no irreparable harm.  Therefore, the Plaintiff's request for injunctive relief should be dismissed by this Honorable Court.

## VI.    Transfer

Worth noting is that the Defendants have asserted, pursuant to 28 U.S.C. 1407, that this Action should be transferred to the United States District Court for the Southern District of New

---

[58] 363 Fed.Appx. 691, 695 (11th Cir. 2010) (emphasis added); *see also Mitchell v. Ford Motor Credit Co.*, 702 F. Supp. 2d 1356, 1370 (M.D. Fla. 2010) ("Plaintiff is not entitled to injunctive relief based on hypothetical or speculative future harm.").

[59] (Compl. ¶¶ 40 and 48).

[60] *See, e.g.., Goldblatt v.  C.P. Motion, Inc.*, 2011 WL 6783565 (Fla. 3d DCA Dec. 28, 2011).

[61] *Mayor's Jewelers, Inc. v. State of Cal. Pub. Employees' Ret. Sys.*, 685 So. 2d 904, 908 (Fla. 3d DCA 1996).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

York (the "***New York Court***").  Pursuant to subsection (c)(ii) of that statute, contemporaneously filed with this Motion to Dismiss is a Notice of Filing of this motion for transfer before the United States Judicial Panel on MultiDistrict Litigation (the "***Motion for Transfer***").   This Motion to Dismiss is not be intended to be, nor should it be interpreted as, a limitation or otherwise waiver of the Defendants requested relief in the Motion for Transfer or otherwise.

## **CONCLUSION**

The Complaint lacks sufficient detail and clarity mandated by Rule 8(a)(2) to satisfy a motion dismiss.  The Complaint is based on insufficient and conclusory allegations that are devoid of the minimum amount of substance outlined by the Supreme Court in *Twombly* and *Iqbal*.  Moreover, Count Two is deficient for the additional reason that it begins and ends with a formulaic recitation of the elements of claim for injunctive relief, with no factual allegations in between.  In addition, the Complaint fails to allege facts establishing personal jurisdiction over Defendant Byruch.  For these reasons, and the others stated above, this Action should be dismissed, or in the alternative, the Plaintiff should be required to file an amended complaint with a more definite statement.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

Dated: January 3, 2012                    Respectfully submitted,

                                           s/ Solomon B. Genet
                                          Solomon B. Genet, Esquire
                                          Florida Bar No. 617911
                                          sgenet@melandrussin.com
                                          Joshua A. Marcus, Esquire
                                          Fla. Bar No. 92857
                                          jmarcus@melandrussin.com
                                          MELAND RUSSIN & BUDWICK, P.A.
                                          3000 Southeast Financial Center
                                          200 South Biscayne Boulevard
                                          Miami, Florida  33131
                                          Telephone: (305) 358-6363
                                          Telecopy: (305) 358-1221

                                          *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel/parties of record via transmission of Notices of Electronic Filing generated by CM/ECF, or via U.S. Mail, as indicated on the attached Service List.

                                           s/ Solomon B. Genet
                                          Solomon B. Genet, Esquire
                                          Florida Bar No. 617911
                                          sgenet@melandrussin.com

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}

<u>**SERVICE LIST**</u>

*Plasma Arc Technologies, Inc. v. HFP et al.*, Case No. 11-24232-CIV-SCOLA/BANDSTRA
United States District Court, Southern District of Florida

Chad Altieri, Esq.
Email: Chad@AltieriPA.com
Altieri & Associates P.A.
201 S. Biscayne Blvd.
28th Floor
Miami, FL 33131
Telephone:  (305) 562-4981
Facsimile:  (305) 913-7640
*Attorney for Plaintiff*
*Plasma Arc Technologies, Inc.*
Via CM/ECF

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8018/8018-2/01018343.DOC.}